Charles T. Major, J.
This is a claim for personal injuries sustained by infant claimant in a two-car automobile accident on November 8, 1953 on a State highway Route 414 bridge located about one-half mile south of Lodi, town of Seneca, New York.
At all of the times mentioned, the above-named claimant, Charles Victor Van Vleet was an infant over the age of 14 years. His father, Victor Van Vleet, was appointed his guardian ad litem by order of this court on May 11, 1955.
About 4:30 on Sunday afternoon, November 8, 1953 claimant Charles Victor Van Vleet suffered personal injuries as a result of a collision between the car in which he was riding, owned and driven by his mother, and a car owned and driven by Edward V. McGlen, Jr. The Van Vleet car was traveling southerly and the McGlen car Avas traveling northerly. The accident occurred on a bridge over Avhich New York State highway Route 414 crosses a deep gully. The bridge, 263 feet long, Avas constructed during the previous year and opened to traffic only a short time. The roadway for vehicular travel across the bridge, constructed of concrete and steel, was 22 feet wide and the same width as the two-lane concrete highway. Along the two sides of the travelled portion, was a foot path two feet wide, elevated a few inches above the roadway and, outside the foot path was an open trellis pattern iron railing 32 to 33 inches above the highway. A white stripe had been painted along the center of the highway and bridge.
The first snowstorm of the season arrived about 10.00 p.m., on November 6, 1953 and it continued to snow until the evening of November 7,1953 to a depth of 8 to 11 inches.
*367 At 1 o’clock in the morning of November 6,1953 the temperature was 19 degrees above zero Fahrenheit. This temperature continued until daybreak, and throughout the day the temperature slowly rose to 33 degrees at 8:00 p. m., then went down to 32 degrees at about 10:00 p. m., and light snow and rain fell, changing later to heavy snow, which continued throughout the day at temperatures around freezing until early evening when the snow stopped. A wind was blowing and there was some drifting in places. The temperature continued to rise slowly to 40 degrees at noon on November 8, and through to the time of the accident. November 8, 1953 was a clear sunny day.
The County of Seneca had contracted with the State whereby such town would remove the snow from this route, and, in turn, allocated this work to the Town of Lodi. By a mutual understanding, the contract between the State and the County of Seneca did not include sanding and ice removal. Neither the county nor the town gave any notice to the State of the condition of this bridge before the accident. The highway department of the Town of Lodi plowed and removed the snow from this highway and bridge on November 7 and on November 8, 1953. The temperature of the bridge did not rise as rapidly as the highway, and some snow drifted and whipped onto it from the adjoining fields. On the 7th, the bridge was given a heavy spraying of salt to melt any ice which had formed over its surface. At the time of the accident, there was snow and slush on the bridge with some ice. The snow and slush was cut up by wheel tracks. The testimony includes various depths for this snow and slush. The maximum is from 8 inches to 10 inches where there were no wheel tracks. The highway pavement on each side of the bridge was free of snow, but was wet. The sight distance to the bridge was at least 1,000 feet in both directions.
The infant claimant had been over this bridge twice with his father on the day of and prior to the accident, and saw the conditions prevailing thereon, but there is no evidence to indicate that he gave any warning to his mother. As his mother drove the automobile toward the bridge and the scene of the accident, she followed several car lengths behind another car which crossed the bridge without incident. She testified that she saw snow on the bridge some distance before reaching it. She testified that she was traveling 40 miles per hour, and slowed her car down on approaching the bridge. After entering the bridge, she tried to turn out to avoid a collision with an automobile owned and driven by Edward V. McGlen, Jr., which was crossing the bridge from the opposite direction. Her car *368 swerved or skidded and crossed over to the opposite side of the bridge and struck the McGlen car on his left front with such force that its engine was pushed back in the frame. At the time of the impact, the McGlen car, which had been proceedingly slowly, had practically stopped. The physical facts show that the Van Vleet car was traveling at a much greater speed than 40 miles per hour, and the driver thereof failed to exercise the reasonable care, caution and foresight of a prudent person under similar circumstances, and is chargeable with negligence, which was the proximate cause of this accident.
The State, through its employees and contractors, did all that was reasonably expected of it under the circumstances and prevailing weather conditions, and is not chargeable with negligence which either caused or contributed to this accident.
The claim is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.